UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GABRIEL BURROWS,<br><br>　　Plaintiff(s),<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>　　Defendant(s). | Case No. 2:25-cv-00347-GMN-NJK<br><br>**Corrected Order**[1]<br><br>[Docket No. 7] |

Pending before the Court is Defendant's motion to stay discovery pending resolution of its motion to dismiss. Docket No. 7. Plaintiff filed a response. Docket No. 11. The Court does not require further briefing or a hearing. *See* Local Rule 78-1.

**I.    ATTORNEY CONFUSION**

The parties are confused as to the governing test for this common motion practice.[2] Defendant briefs both the "preliminary peek" test and the minority so-called "good cause" test. Docket No. 7. Plaintiff briefs the minority so-called "good cause" test because Plaintiff asserts that reliance on the "preliminary peek" test is "incorrect" as this Court has rejected that test. Docket No. 11 at 3.[3] The Court understands that there is confusion in the local bar created by the emergence of a minority approach that runs counter to decades of established case law. *See Flynn v. Nev.*, 345 F.R.D. 338, 347-48 (D. Nev. 2024). The undersigned has, however, clearly and

---

[1] The Court previously issued an order with a typographical error referencing the docket number of the motion to dismiss, rather than the docket number of the motion to stay discovery. *See* Docket No. 12. The Clerk's Office is **INSTRUCTED** to vacate the prior order in light of the issuance of this order, and to reactivate the pending motion to dismiss.

[2] Even when the parties do not do so, the Court has its own duty to correctly articulate and apply the law. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

[3] Plaintiff provides three sentences of "argument" regarding the preliminary peek framework. *See* Docket No. 11 at 6.

1

unequivocally rejected the minority so-called "good cause" test[4] as both legally untenable and counter to numerous policy considerations. *See id.* at 347-51. In addition, the majority of judges in this District continue to apply the preliminary peek test. *See, e.g.*, *Alvarado v. W. Range Ass'n*, 2025 WL 659352, at *1 n.1 (D. Nev. Feb. 28, 2025) (Baldwin, J.); *Gauler v. Internal Rev. Serv.*, 2024 WL 4307847, at *2 (D. Nev. Sept. 26, 2024) (Denney, J.); *Blandino v. Las Vegas Metro. Police Dept.*, 2024 WL 4024828, at *1 (D. Nev. May 10, 2024) (Youchah, J.), *objections overruled*, 2024 WL 5056178, at *4 (D. Nev. Dec. 9, 2024) (Navarro, J.) ("The Magistrate Judge applied the correct legal standard"). For the reasons already articulated in *Flynn*, the undersigned will not apply the minority so-called "good cause" approach.

## II.   ANALYSIS

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay of discovery bears the heavy burden of making a strong showing that discovery should be denied. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive in scope and effect; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that Plaintiff will be unable to state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). "These are not 'factors' for consideration, they are elements of a test that must all be met for a stay of discovery to be warranted." *Flynn*, 345 F.R.D. at 346 n.12.

Defendant's motion to stay discovery fails at the outset in applying the first requirement that the underlying motion be potentially dispositive. For a stay of discovery to be warranted, "the pending motion must be potentially dispositive of the entire case or at least dispositive on the issue

---

[4] The "good cause" test is a misnomer, as the preliminary peek framework is itself also an application of the good cause requirement pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. *See Flynn*, 345 F.R.D. at 346 at n.13.

on which discovery is sought." *Tradebay*, 278 F.R.D. at 602.  The complaint's second cause of action is for breach of contract, Docket No. 1-1 at 13-14, which is unchallenged in the motion to dismiss, Docket No. 5 (challenging the first, third, and fourth causes of action).  Indeed, Defendant's motion to stay discovery effectively acknowledges that resolution of the motion to dismiss cannot result in disposition of this case.  *See* Docket No. 7 at 6 (explaining that the motion to dismiss "seeks dismissal of the *majority* of Plaintiff's causes of action" (emphasis added)).[5]  Hence, discovery will need to proceed in this case regardless of the outcome of the partial motion to dismiss (at a minimum on the second cause of action), so staying discovery would lead to unnecessary delay.  A stay of all discovery is unwarranted.

## III.  CONCLUSION

For the reasons discussed above, the motion to stay discovery is **DENIED**.  The parties must file a joint discovery plan by April 14, 2025.

IT IS SO ORDERED.

Dated: March 31, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[5] Plaintiff inexplicably "concedes that Defendant's Motion to Dismiss is dispositive." Docket No. 11 at 6.  Again, the Court has its own duty to correctly apply the law, *Bateman*, 231 F.3d at 1224, and it cannot find that a partial motion to dismiss is potentially dispositive of the case when it plainly is not.  Separate and apart from the obligation to apply the law correctly, the Court is encouraged to engage in forceful judicial management of cases, *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) (per curiam), and the Court is not required to allow an unwarranted stay of discovery even if agreed upon by the parties, *see, e.g., Divine Wellness, LLC v. NFP Prop. & Cas. Servs., Inc.*, 2024 WL 2880285, at *2 n.3 (D. Nev. May 17, 2024).